UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MEGAN LUCAS,

     Plaintiff,

    v.

THE SCHOOL BOARD OF
GLADES COUNTY, FLORIDA, A
POLITICAL SUBDIVISION OF
THE STATE OF FLORIDA,

     Defendant.

Case No. 2:25-cv-888-KCD-NPM

/

## **ORDER**

In this employment discrimination case, Megan Lucas, a former teacher in the Glades County School District, brings claims for retaliation under the FMLA and retaliation under § 504 of the Rehabilitation Act. (Doc. 15.)[1] Lucas alleges that she was terminated after she lodged several complaints about Defendant's failure to comply with the Rehabilitation Act, stating that the school was denying disabled students the accommodations and services to which they were legally entitled. Defendant moves to dismiss the § 504 claim. (Doc. 19.) Because Lucas has adequately pled a claim, the motion is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"The Rehabilitation Act prohibits a program that receives federal funding from denying benefits to an otherwise qualified disabled individual solely because of his disability." *Williams v. Alabama Dep't of Indus. Rels.*, 684 F. App'x 888, 892-93 (11th Cir. 2017). To plead a claim for retaliation under this statute, Lucas must allege (1) that she participated in a statutorily protected activity or expression; (2) that she suffered an adverse action; and (3) a causal link between the protected expression and adverse action. *Id.* at 894.

Only the first prong is at issue here. (Doc. 19 at 4.) A person engages in protected activity if she "has opposed any ... practice made unlawful by [§ 504]." *Morales v. Ga. Dep't of Hum. Res., Div. of Fam. & Children Servs.*, 446 F. App'x 179, 183 (11th Cir. 2011). The plaintiff must demonstrate "a good faith, reasonable belief" that the conduct was unlawful, not that it was actually unlawful. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998).

Defendant picks out two of Lucas's complaints and argues that they are not statutorily protected activity. (*See* Doc. 19 at 6.) But the pleadings allege more than that. Lucas identifies three more complaints Defendant ignored, which Defendant fails to mention. Specifically, she objected to Defendant denying a disabled student recess "by reason of" her disability (Doc. 15 ¶¶ 21-24); denying disabled students IEP accommodations while providing

enhanced conditions to non-disabled students (*id.* ¶¶ 30-31); and placing a Down syndrome student without required support (*id.* ¶¶ 46-53). These allegations are sufficient to show she engaged in protected activity. *See Gadjiev v. Atlanta Indep. Sch. Sys.*, No. 1:12-CV-2700-JEC, 2013 WL 5349854, at *4 (N.D. Ga. Sept. 23, 2013) (allegations that the plaintiff was terminated because he informed his superiors that disabled students were not receiving appropriate education as required by law stated a retaliation claim under the Rehabilitation Act).

Defendant also suggests that Lucas cannot state a claim because the underlying conduct she complained about does not violate the Rehabilitation Act. (Doc. 19 at 7-8.) But Lucas need not prove an underlying violation to prevail at this stage. *See Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) ("A plaintiff, therefore, need not prove the underlying discriminatory conduct that he opposed was actually unlawful in order to establish a prima facie [retaliation] case."). Rather, Lucas only needs to show she "had a good faith, reasonable belief that [Defendant] was engaged in unlawful" practices. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002); *Vickaryous v. Mason Classical Acad., Inc.*, No. 2:21-CV-903-JLB-NPM, 2022 WL 4463560, at *4 (M.D. Fla. Sept. 26, 2022). Contrary to Defendant's assertion, Lucas alleges as much in the complaint. (Doc. 15 ¶¶ 62, 129.)

Finally, Defendant argues that Lucas's "objections ... fail to plausibly allege the intentional discrimination or actual knowledge by an official high enough up the chain of command." (Doc. 19 at 6.) Not so. Lucas alleges that Glades County Schools Superintendent Alice Beth Barfield had actual knowledge of § 504 violations from multiple sources, including straight from Lucas. (*See* Doc. 15 ¶¶ 55, 73-84.) And despite this actual knowledge, Superintendent Barfield "failed adequately to respond." (*Id.* ¶ 87). Barfield also stood behind the school principal's decision not to renew Lucas's contract. (*Id.* ¶ 82.)

Lucas has stated a plausible claim for retaliation under the Rehabilitation Act. The standard asks whether Lucas had a "good faith, reasonable belief" that Defendant's practices violated § 504—not whether this Court would ultimately agree. That question is for another day.

**ORDERED** in Fort Myers, Florida on February 20, 2026.

Kyle C. Dudek
United States District Judge

4